UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 6:12-cr-56-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| SHARLETTA HOUSE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 40.] Defendant Sharletta House is charged with multiple violations of the terms of her supervised release, as set forth in the June 2015 Supervised Release Violation Report and the October 2015 Addendum to the June Report. The Report and Addendum indicate various violations on behalf of Ms. House, primarily stemming from her relationship with boyfriend Robert Randall, a convicted felon and substance abuser. Notably, the Addendum alleges Ms. House repeatedly lied to her Probation Officer regarding her involvement with Randall. The Addendum also charges Ms. House with a violation of the condition stating she shall not commit another federal, state, or local crime—on October 16, 2015, Ms. House was indicted in Laurel Circuit Court in London, Kentucky, with trafficking in a controlled substance. [*See id.* at 5.]

Judge Ingram initially held a final hearing on Violation #1 set forth in the June 2015 Supervised Release Violation Report on July 17, 2015. [*Id.* at 2.] Ms. House admitted the factual basis for the charged violation of a condition prohibiting her association with "any

persons engaged in criminal activity" or "any persons convicted of a felony, unless granted permission to do so by the probation officer." [*Id.* at 1-2.] The Court took various measures designed to assist Ms. House with decision-making going forward, such as releasing Ms. House on bond, holding her sentencing in abeyance, providing for her home detention for a period of three months, and scheduling a status conference for January 7, 2016. [*Id.* at 2.] Probation Officer Kincer instructed Ms. House to refrain from contact with Robert Randall, as House's involvement with him violated her supervised release conditions. [*Id.* at 2-3.]

Subsequently, the United States Probation Office filed an Addendum to the June 2015 Report. The Addendum charged Ms. House with five additional violations of the conditions of her supervised release, primarily related to House's continued association with Mr. Randall despite Probation's instruction to the contrary. Judge Ingram held an initial appearance and then a final hearing to address the charges in the Addendum. [*Id.* at 3, 5.] At the final hearing, Ms. House entered a knowing, voluntary, and intelligent stipulation to Violations #4, #5, and #6 but contested Violations #2 and #3. [*Id.* at 6.] At an evidentiary hearing, Judge Ingram determined the United States established Violations #2 and #3 by a preponderance of the evidence. [*Id.* at 7-8.] Thus, all of the violations in the Addendum were established either by the Government or the Defendant's own admission.

Judge Ingram's Recommended Disposition recommends revocation of House's supervised release with a term of imprisonment of fifteen months, followed by a term of supervised release of six months with certain added conditions. Judge Ingram gave specific reasons for recommending a term of imprisonment of fifteen months, which varies above the United States Sentencing Guidelines range of six to twelve months. [*See id.* at 10-12 (citing *United States v. Johnson*, 640 F.3d 195, 2015 (6th Cir. 2011).] He also advised that Ms. House's

2

right to allocation under Rule 32.1 was preserved, as reflected in the record, and directed the parties to 28 U.S.C. § 636(b)(1) for their appeal and objection rights.  On April 26, 2016, Ms. House filed a Waiver of Allocution, waiving her right to appear before, make a statement, and/or present information in mitigation to the undersigned before issuance of a final decision.  [R. 41.]

Generally, this Court must make a *de novo* determination of those portions of a Recommended Disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's recommendation are also barred from appealing a District Court's order adopting that recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition, which appropriately considers the § 3553 factors and the Defendant's significant breach of the Court's trust.  The Recommended Disposition also states specific grounds for the Court's decision to vary above the guidelines range.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Sharletta House has **WAIVED** her right to allocution [R. 41];

2. House is **FOUND** to have violated the terms of her supervised release as set forth in the Recommended Disposition, and the Recommended Disposition [R. 40] is **ADOPTED** as and for the Opinion of the Court;

3.	House's term of supervised release is **REVOKED** and House is **SENTENCED** to a term of imprisonment of **fifteen (15) months**, with a term of supervised release of **six (6) months** to follow;

4.	House's supervised release shall be only under the mandatory and standard conditions of release [*see* R. 17 at 3], with the additional special condition that the term of supervision be completed at the Dismas Charities of Lexington facility in Lexington, Kentucky.

This the 19th day of May, 2016.

Gregory F. Van Tatenhove
United States District Judge